```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

GRAY M. DOTSON                                  CIVIL ACTION

VERSUS                                          NO: 06-2831

TANGIPAHOA PARISH JAIL,                         SECTION: "F"(5)
ET AL

## REPORT AND RECOMMENDATION

Plaintiff, Gray Dotson, a federal prisoner incarcerated in Tangipahoa Parish Jail, filed this pro se and in forma pauperis action pursuant to 42 U.S.C. §1983, complaining that during a "shake down" of his cell, his shoes were thrown away, along with three pair of boxer shorts and a "soda pop" he had purchased shortly before the "shake down" took place.  For the following reasons, IT IS HEREBY RECOMMENDED that the instant action be DISMISSED WITHOUT PREJUDICE.

42 U.S.C. §1997e(a), enacted in 1996 by the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."  As set forth in the attached affidavit of Tangipahoa Parish Jail Warden Randy Pinion, an administrative remedy procedure is in place at Tangipahoa Parish Jail and is readily available to all inmates, both state and federal.  Said procedure consists of the following four steps.  First, the inmate executes an "Inmate Request Form", setting forth his complaint.  This form is forwarded to the "Line Officer" who, if possible, will accommodate the complaining inmate.  If such an accommodation is not possible, the inmate will proceed to the second step which consists of having his complaint forwarded to the "Shift Supervisor".  If the "Shift Supervisor" can accommodate the prisoner, he will do so.  If he cannot, the prisoner proceeds to the third step and his complaint is forwarded to the "Assistant Warden".  Again, at this third step, an effort will be made to accommodate the prisoner.  If no accommodation is possible, the prisoner will proceed to the fourth and final step which consists of having his complaint forwarded to Warden Pinion.  If, after reviewing the prisoner's complaint, Warden Pinion is unable to meet the prisoner's alleged need, the pertinent "Inmate Request Form" is rejected, the administrative grievance procedure is complete, and the inmate may seek relief via the filing of a federal civil rights action.

In addition to setting forth the four steps of Tangipahoa Parish Jail's administrative grievance procedure, Warden Pinion, in his attached affidavit, attests that Dotson "has not submitted any Inmate Request Forms". Dotson does not contest Warden Pinion's attestation.[1]

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that plaintiff's action be **DISMISSED WITHOUT PREJUDICE** for the purpose of affording plaintiff with an opportunity to properly exhaust his administrative remedies as required under 42 U.S.C. § 1997e.[2]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

---

[1] In his complaint, Dotson admits that he has not filed an administrative grievance, mistakenly believing that such a grievance procedure was not available to federal prisoners incarcerated in the Tangipahoa Parish Jail.

[2] See Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.), cert. denied, 525 U.S. 833, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998); White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997) (affirming district courts' sua sponte dismissals without prejudice for failure to exhaust administrative remedies as required under §1997e ).

provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (<u>en banc</u>).

New Orleans, Louisiana, this __5th__ day of __January__, 2007.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE