UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GRAY M. DOTSON                                CIVIL ACTION

v.                                            NO. 06-2831

TANGIPAHOA PARISH JAIL, ET AL.                SECTION "F"(5)

ORDER AND REASONS

Before the Court is the petitioner's motion for reconsideration of the magistrate judge's Report and Recommendation, dismissing the petitioner's § 1983 conditions-of-confinement complaint for failure to plead exhaustion of available administrative remedies.  For the reasons that follow, the Court hereby accepts the magistrate judge's conclusion that the petitioner's complaint be DISMISSED.  As will be seen, however, in part due to an intervening change in the law, the Court reaches this result for reasons different than those outlined in the Report and Recommendation.

I. Background

The petitioner, Gray M. Dotson, is a federal prisoner confined at the Tangipahoa Parish Jail, a Louisiana facility.  Dotson claims that on May 3, 2006, prison guards began a routine search in the dormitory where he was confined.  Dotson and his cellmate were told to step into another room, where they were strip-searched.  Dotson

1

claims that the guards then improperly confiscated his shoes, a soda, three pairs of boxers, shampoo, and soap.  The guards did not give Dotson a property receipt.

Dotson claims that he sent a "note" to the Warden on May 3, 2006 and at least one Inmate Request Form between May 3, 2006 and May 5, 2006,[1] and received no response.[2]

Dotson then filed this § 1983 petition, challenging his conditions of confinement.[3]  He sought relief, claiming:  1) unlawful seizure (and subsequent destruction) of personal property, 2) improper induction procedure at the jail,[4] 3) improper grievance

---

[1] Dotson appears uncertain when he allegedly filed Inmate Request Forms with prison authorities.  His first § 1983 petition (dated May 10, 2006) states that he "wrote a note" to the Warden on May 4, 2006 and then filled out an Inmate Request Form on May 5, 2006.  His second petition (dated May 15, 2006) states that he "wrote a note to the Warden" on May 3, 2006 (the day his property was seized), filed an Inmate Request Form on May 4, 2006, and filed a second Inmate Request Form on May 5, 2006.  Finally, in his objections to the magistrate judge's Report and Recommendation, Dotson claims he filed an Inmate Request Form on May 3, 2006 and a second Inmate Request Form on May 4, 2006; he also claims he wrote a "letter" to the Warden but provides no date.

[2] The facts are principally those offered by Dotson.  The State of Louisiana rejected Dotson's version and claims he never filled out an Inmate Request Form as per the jail's grievance procedure.  According to the State, Dotson filled out forms relating to medical issues but not seized property.

[3] There are two petitions, one executed on May 10, 2006 and the other executed on May 15, 2006.  An envelope from Dotson addressed to the Court's Clerk bears a May 9, 2006 postmark.  Both petitions were docketed under one entry on June 2, 2006.

[4] Dotson requests this Court order the state prison to have a "uniform [induction] policy" whereby each incoming inmate is

system at the jail, 4) unsanitary roach infestation at the jail, and 5) unlawfully restricted access to a nurse.

II.

The Prison Litigation Reform Act of 1995 "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit."  Jones v. Bock, 549 U.S. __; 127 S. Ct. 910, 918-22 (2007).  In particular, Title 42 of the United States Code, Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The failure to exhaust available administrative remedies is not a pleading requirement but an affirmative defense to be pleaded by the defendants.  Bock, 127 S. Ct. at 918-22.

Generally, a party's failure to raise an affirmative defense in an answer constitutes waiver of that defense.  See, e.g., Fed. R. Civ. P. 8(c) (requiring a party to appropriately plead affirmative defenses); Morgan Guar. Trust Co. of N.Y. v. Blum, 649 F.2d 342, 345 (5th Cir. 1981) ("All affirmative defenses must be specifically pleaded in the answer or in an amended answer . . . or

---

given a list of rules, presumably detailing which personal property is permitted within jail cells.

be deemed waived."  Waiver is usually determined by the trier of fact and its resolution depends on the circumstances of the particular case.  Valero Ref., Inc. v. M/T Lauberhorn, 813 F.2d 60, 65 (5th Cir. 1987).

But failure to raise an affirmative defense in an answer is not fatal if the issue is raised in the district court "'in a manner that does not result in unfair surprise.'"  Giles v. Gen. Elec. Co., 245 F.3d 474, 491-92 (5th Cir. 2001) (quoting Allied Chem. Corp. v. Mackay, 695 F.2d 854, 855-56 (5th Cir. 1983)).  A defendant will not be deemed to have waived the affirmative defense if the plaintiff was not prejudiced in his or her ability to respond and the defendant raised the issue "at a pragmatically sufficient time."  Mackay, 695 F.2d at 856.

### III.

Magistrate Judge Chasez recommends that the Court dismiss the petitioner's § 1983 conditions-of-confinement petition without prejudice for Dotson's failure to exhaust the available administrative remedies.[5]  She reached the following conclusions: (1) an administrative remedy procedure is in place at the Tangipahoa Parish Jail, (2) this procedure is available to federal

---

[5] The magistrate judge's Report and Recommendation was docketed on January 8, 2007.  Dotson filed his objections to the findings and recommendation on January 18, 2007.  His objections were made within ten days and are therefore timely.  See Fed. R. Civ. P. 72(b).  The Court reviews the magistrate judge's findings and recommendations to which the petitioner objects de novo.  Id.; 28 U.S.C. § 636(b)(1).

prisoners, and (3) Dotson did not submit any Inmate Request Forms pursuant to the established procedure.

Dotson asserts two principal objections to the magistrate judge's recommendation: 1) he filed an Inmate Request Form on two occasions and 2) no "formal" grievance procedure exists at the state prison (at least for federal prisoners) and, therefore, there are no "available" remedies.

A.

In dismissing Dotson's petition, Magistrate Judge Chasez raised the issue of exhaustion of administrative remedies <u>sua sponte</u>.[6] She construed § 1997e(a) as mandating a *pleading requirement*, which Dotson had failed to meet. The magistrate judge cited two cases from the United States Court of Appeals for the Sixth Circuit which supported her decision to raise the issue

---

[6] In its answer, the State of Louisiana did not raise the issue of exhaustion of administrative remedies.  Instead, the State merely provided blanket denials of each of Dotson's allegations and, rather than looking to 42 U.S.C. § 1997e(a), which governs suits by prisoners and provides that available administrative remedies must be exhausted, the State instead decided to challenge this Court's subject-matter jurisdiction over the federal § 1983 claim, asserting that there was no diversity of citizenship and the amount in controversy was less than $75,000.  The State never referenced § 1997e or exhaustion of administrative remedies in its answer.
     The defendants, however, need not respond to a complaint covered by the Prison Litigation Reform Act until required to do so by the court and waiving the right of reply does not constitute an admission of the allegations in the complaint.  <u>See</u> 42 U.S.C. § 1997e(g)(1), (2).

of exhaustion of administrative remedies sua sponte.[7]  The magistrate judge cited no authority from the Fifth Circuit, as the law was then unsettled in this circuit.[8]

Whatever the appropriateness of the magistrate judge's decision to adopt the minority rule requiring the plaintiff to plead exhaustion of administrative remedies, her reasoning and reliance on the Sixth Circuit cases must be vacated in light of an intervening change in the law.  On January 22, 2007, after the magistrate judge issued her Report and Recommendation and after Dotson had filed his objections (but before the State filed its response to Dotson's objections),[9] the United States Supreme

---

[7] The opinions relied upon by Magistrate Judge Chasez were Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998) and White v. McGinnis, 131 F.3d 593 (6th Cir. 1997).

[8] Johnson v. Johnson noted the uncertain state of the law in the Fifth Circuit:
> Some prior decisions of this court seem to imply or assume that exhaustion is a component of the plaintiff's claim, not an affirmative defense that must be raised and proved by the defendants.  See, e.g., Days v. Johnson, 322 F.3d 863, 868 (5th Cir. 2003); Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998) [(per curiam)].  But, arguably, these cases have not directly decided the question.

385 F.3d 503, 516 n.7 (5th Cir. 2004).

[9] In its response to Dotson's objections to the magistrate judge's Report and Recommendation, the State, for the first time on February 2, 2007, raised the issue of exhaustion of administrative remedies and cited § 1997e(a).  The State did not cite the intervening Supreme Court decision.

6

Court unanimously concluded that § 1997e(a)'s exhaustion-of-administrative-remedies bar must be raised as an affirmative defense, see Jones v. Bock, 549 U.S. __; 127 S. Ct. 910, 918-22 (2007), thereby abrogating the Sixth Circuit cases relied upon by the magistrate judge.  Consequently, "inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  Id. at 921.  The magistrate judge's reasoning and reliance on the minority rule used by the Sixth Circuit is therefore vacated.[10]

B.

Although the defendants failed to raise the affirmative defense of exhaustion of remedies in their answer and a failure to do so generally results in the waiver of that defense, the Court finds that the defendants did not in fact waive their defense of exhaustion of remedies.  First, the defendants raised the defense of exhaustion of remedies at a "pragmatically sufficient time."  Although they failed to follow Rule 8(c) to the letter, they raised the defense before this Court had either adopted or rejected the magistrate judge's Report and Recommendation pursuant to Federal

---

[10] See Corbin v. Clinton County Jail, No. 5:06-cv-197, 2007 WL 200944, at *1 (W.D. Mich. Jan. 23, 2007) ("In light of the decision of the Supreme Court in Jones v. Bock, —U.S.— (2007), issued after the report and recommendation of the magistrate judge, plaintiff's alleged failure to exhaust administrative remedies is no longer grounds for dismissal of a case on initial screening.  The court will therefore vacate that portion of the report and recommendation, on account of an intervening change in law.").

Rule of Civil Procedure 72.  No lengthy or expensive period of discovery had occurred and no trial had taken place.

Second, Dotson was not prejudicially surprised by the affirmative defense raised by the defendants.  In fact, because the law of this circuit was unsettled at the time he filed his § 1983 petition, Dotson alleged facts clearly addressing this issue.[11] Moreover, after the magistrate judge's sua sponte dismissal of his complaint, Dotson once again addressed this issue in his objections to the magistrate judge's Report and Recommendation.[12]  Dotson, the Court concludes was therefore not prejudicially surprised.[13]

---

[11] Dotson claimed he wrote a "note" to the prison Warden and that he submitted at least one Inmate Request Form.  He further claimed that the procedure was not "formal" and was thus not an "available" remedy that needed to be exhausted in any case.

[12] Dotson again claimed that he submitted Inmate Request Forms and that the grievance procedure was inadequate.

[13] Compare United States v. Real Property Known as 19026 Oakmont South Drive, 715 F. Supp. 233, 234 (N.D. Ind. 1989), wherein the United States brought a drug forfeiture action against the defendant, seeking forfeiture of her house.  The defendant did not raise the affirmative defense of innocent ownership in her answer; the first time she raised the defense was in her objections to a magistrate judge's report and recommendation.  Id. at 235.  The United States suggested that the defendant's failure to raise this issue in her answer precluded her right to raise the issue in her objections to the magistrate judge's report and recommendation.  Id. at 236.  The court disagreed, noting that "as a general matter, failure to plead an affirmative defense results in a waiver," but "where an affirmative defense is raised in a manner that does not result in unfair prejudice to the plaintiff, technical failure to comply" with Federal Rule of Civil Procedure 8(c) is not fatal.  Id.  The court summarily concluded that the United States "was not prejudiced by [the defendant's] tardy assertion of the innocent ownership defense as plaintiff has been afforded ample

The Court is also aware that the present case was proceeding before the magistrate judge at a time when the law of this circuit regarding § 1997e(a) was unsettled.[14]  Consequently, under the particular circumstances of this case, the defendants did not waive the affirmative defense of exhaustion of administrative remedies.

C.

The magistrate judge correctly determined that a grievance procedure existed at the Tangipahoa Parish Jail and was available to federal inmates.  First, the inmate completes an Inmate Request Form, in which the inmate lists his or her grievance.  If resolution of the grievance by a Line Officer is not possible, the grievance is forwarded to the Shift Supervisor.  If resolution at this stage is not possible, the grievance is then forwarded to the Assistant Warden.  After the Assistant Warden's review, if resolution at this stage is not possible, the grievance is forwarded to the Warden.  At this point, the grievance is either remedied or the Inmate Request Form is definitively denied, thereby exhausting all available administrative remedies.

---

opportunity to argue against it.  The defense therefore was not waived."  Id.

[14] Cf. Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001) (finding that the defendant did not waive his right to reply on the § 1997e(a) exhaustion requirement when he raised the defense during trial, in an oral motion to dismiss for lack of subject-matter jurisdiction, and in a post-trial motion for a directed verdict and noting that the law regarding § 1997e(a) was unsettled in the Eighth Circuit at the time the case was proceeding in the district court).

The magistrate judge then, in relying on an affidavit submitted by the Warden of the Tangipahoa Parish Jail, concluded that Dotson had not submitted any Inmate Request Forms. She stated, "Dotson does not contest Warden Pinion's attestation" and appended a footnote reading, "In his complaint, Dotson admits that he has not filed an administrative grievance, mistakenly believing that such a grievance procedure was not available to federal prisoners incarcerated [at the jail]."  See Mag. J.'s Report & Recommendation 3 & n.1.

This, however, is not an accurate statement of Dotson's position when his pro se petition is read liberally.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).  In his § 1983 complaint, Dotson copied by hand a form complaint.  It is true that he indicated "A) Is there a prisoner grievance procedure in this institution?" under which he drew a "yes" box and a "no" box, checking the "no" box.  He also answered the next question (again, handwritten), "did you present the facts relating to your complaint in the state prisoner grievance procedure?" in the negative. However, Dotson claimed that no "formal" grievance policy was in place for federal prisoners at the state jail, thus explaining why he replied to the previous questions in the negative.

In another part of his petition, Dotson checked off a box, indicating he "complain[ed] to the proper authorities."  When asked to describe the steps he took, Dotson wrote, "I wrote a note to the

10

warden which I gave to [a deputy][:] No response (this was 5-4-[0]6)[.] On Friday 5-5-[0]6[,] I obtained an inmate request [form] and filled it out. Still no response." Thus, Dotson did in fact contest the Warden's attestation.

Nevertheless, the magistrate judge's conclusion that Dotson failed to submit an Inmate Request Form is adopted. The Warden's affidavit reveals that although Dotson submitted numerous requests for medical attention, he filed no proper Inmate Request Form relating to his seized property.[15]

Thus, this Court hereby accepts the conclusion of the magistrate judge that the petitioner has failed to exhaust the

---

[15] But even accepting Dotson's version of the facts (i.e., that he submitted an Inmate Request Form to a Line Officer), the Court would have to conclude that Dotson has still failed to exhaust the available administrative remedies. Pursuant to the Prison Litigation Reform Act, the State must first be presented with the opportunity to remedy any alleged violations of federal law should the state prison have an available grievance procedure. Dotson claims that he filed an Inmate Request Form on May 4 or 5, 2006, yet his complaint was executed on May 10, 2006, a mere five or six days later. As illustrated above, the prison has a four-step process, which terminates when the Warden acts. The mere filing of an Inmate Request Form with the Line Officer does not exhaust all available remedies.
   Dotson also claims that there are no "available" remedies because the system is not adequately "formal." This claim is without merit, given the Warden's affidavit and Fifth Circuit jurisprudence. See, e.g., Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) ("Nothing in the Prison Litigation Reform Act . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems."); Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (per curiam) (Section 1997e(a) does not "require certification or determination that such administrative remedies comply with minimal standards.").

11

available administrative reasons pursuant to § 1997e.  The Court, however, reaches this result for different reasons than those outlined in the magistrate judge's Report and Recommendation due to an intervening change in the law, namely that exhaustion of administrative remedies is an affirmative defense that must be pleaded by the defendants.

Accordingly, the petitioner's objections to the magistrate judge's order are DENIED.

New Orleans, Louisiana, March 13, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE